UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6230-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,          )
                                   )
vs.                                )
                                   )
CLIFFORD GRANSTON,                 )
                                   )
            Defendant.             )
_____)



## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION TO RECONSIDER DETENTION ORDER

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its response in opposition to the defendant, Clifford Granston's motion to reconsider detention order, dated August 22, 2000, and states as follows:

1. On August 10, 2000, a criminal complaint was filed before United States Magistrate Judge Barry S. Seltzer charging the defendants, Aldin Wilson, Esrom Williams, David Nesbeth, Thaddeus Warren, Clifford Granston and Marc Anthony Johnson with conspiracy to import in excess of 100 kilograms of marijuana, in violation of Title 21, United States Code, Sections 952(a) and 963.

2. On August 15, 2000, a hearing was held before United States Magistrate Judge Lurana S. Snow to determine whether the defendant, Clifford Granston, should be detained prior to trial. After hearing the Government's proffer and argument of counsel, the Court concluded that the



defendant posed both a risk of flight and a danger to the community. A written order setting forth the Court's findings was entered on August 22, 2000.

3. On August 17, 2000, a four-count indictment was returned by a Federal Grand Jury in the Southern District of Florida, charging the defendants, including defendant Clifford Granston, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana and possession with intent to distribute in excess of 100 kilograms of marijuana. Defendants Wilson, Williams, Nesbeth, Warren and Johnson were also charged with conspiracy to import in excess of 100 kilograms of marijuana and importation of in excess of 100 kilograms of marijuana.

4. On August 22, 2000, the defendant Clifford Granston filed a motion to reconsider detention order. In this motion, the defendant appears to argue that because he was charged in two counts of the indictment, and not four counts, the Court should grant his request to be released on some type of bond. In support of this motion, the defendant attached a number of documents pertaining to collateral which the defendant's relatives and friends would post to secure this bond.

5. The defendant's motion should be denied in all respects as the defendant has failed to set forth any new facts or circumstances which would support the defendant's request to reopen the detention hearing or for pretrial release.

## MEMORANDUM

In the detention order dated August 22, 2000, Magistrate Judge Snow determined by a preponderance of the evidence that the defendant was a risk of flight and determined by clear and convincing evidence that the defendant posed a danger to the community. In making these

findings, Magistrate Judge Snow noted that the defendant is a Jamaican national who has strong ties to Jamaica. Although the defendant has three siblings in the United States, he also has three siblings who live in Jamaica and the defendant admits to having visited Jamaica this year. The Court also noted that the defendant does have three children who live with him in Tamarac, Florida and he owns a home and is employed. Nevertheless, in spite of the defendant's ties to this area through his children, the Court concluded that the defendant's substantial ties to Jamaica made him a risk of flight.

With respect to the Government's request that the defendant be detained as a danger to the community, the Court found that there was probable cause to believe that the defendant conspired to import and to possess with intent to distribute a substantial quantity of marijuana, and that the defendant did import and possess with intent to distribute 1700 pounds of marijuana. Consequently, the Court determined that the defendant constituted a danger to the community.

The defendant's newly raised arguments do not affect the Court's findings. First, the evidence against the defendant is compelling. Defendants Wilson, Williams, Nesbeth and Warren conspired to import in excess of 1700 pounds of marijuana into the United States from Jamaica. A confidential source and undercover agent negotiated with these defendants concerning the details of the importation. Once the marijuana was imported, it was brought to a warehouse. It was at that point in time that the defendant Granston joined in the conspiracy. Surveillance by law enforcement and information provided by a confidential source revealed that the defendant rented the U'Haul van which was to transport the marijuana from the warehouse. At the warehouse, the defendant, Williams, Warren and Nesbeth began loading the marijuana

3

into the van. It was at this point in time that the defendants were arrested.

Second, the fact that the defendant has been indicted by a Federal Grand Jury only reinforces the Government's argument for detention. There is now before the Court an independent finding of probable cause by a Grand Jury that the defendant did, in fact, commit the offenses for which he is charged. The return of this indictment strengthens the rebuttable presumption upon which the government relied in seeking detention. The fact that the defendant has been indicted on only two of four counts does not sufficiently rebut this presumption so as to entitle the defendant either to release or to reopen the hearing.

Further, in light of the substantial sentence which the defendant faces if convicted of either count of the indictment, the willingness of the defendant's friends and relatives to post a bond does not assist the defendant. The defendant cannot diminish (nor does he dispute) the fact that he does have significant ties to Jamaica. The lengthy term of incarceration which he potentially faces clearly provides substantial motivation for the defendant to flee to Jamaica or elsewhere, notwithstanding any collateral posted by family or friends.

In light of the foregoing, the government submits that the Court's findings were made after a thorough hearing and are amply supported by the record and evidence in this case. Moreover, the defendant has failed to present any evidence or factors which would merit reopening the detention hearing or granting the defendant a bond.

WHEREFORE, the government submits that the defendant's motion to reconsider detention order should be denied in all respects and the defendant should continue to be detained

pending trial in this matter.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 100765
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, FL 33394
TEL: (954) 356-7255, ext. 3512
FAX: (954) 356-7336


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this ___28___ day of August, 2000, to: Junior Farquharson, Esquire, 5546 West Oakland Park Boulevard, Suite 220, Fort Lauderdale, Florida 33313.

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

5