kbnd.

DEC 2 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D OF FLA. FT. LAUD.

FILED by _____ D.C.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
Plaintiff,

v.                                    #

Defendant,

CLIFFORD GRAYSTON,

APPEARANCE BOND: _____
CASE NO. 00 - 6230 - CR -
DIMITROULEAS

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 20,000 ESB .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands**.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

6715 NW 69 CT.
TAMARAC, Fl 33321

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

13/

12/22/00  FRI 08:37 FAX 305 523 5289    USDC-MAGISTRATE SECTION    @003

DEFENDANT: *CLIFFORD GRANSTON*

CASE NO: _____

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

___ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

_✓_ b. Report to Pretrial Services as follows: *as directed* _____

_✓_ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

___ d. Maintain or actively seek full-time gainful employment.

___ e. Maintain or begin an educational program.

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h. Comply with the following curfew:_____

___ i. No co-signatories may sell, mortgage, hypothecate or dispose of real property during pendency of this case.

___ j. Comply with the following additional conditions of this bond:_____
_____

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Clifford Granston

CASE NO:_____

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 22 day of Dec , 2000, at Miami, Fl , Florida.

Signed and acknowledged before me    DEFENDANT: (Signature) _____

WITNESS: _____    ADDRESS: 715 NW 69 ct.

ADDRESS: 705 6r. 42ll 5A DR.    Tamarac, Fl 3332 ZIP _____

Apt-929. Miami ZIP 33131    TELEPHONE: 954- 724- 5235

### CORPORATE SURETY

Signed this 22 day of Dec. , 2000, at Miami, Fl , Florida.

SURETY: Ranger Ins. Co.    AGENT: (Signature) _____

ADDRESS: 905 Brickell Bay Dr    PRINT NAME. Barry Dews

Miami F ZIP 33131    TELEPHONE: 305 -373- 8972

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 2000, at _____

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP    RELATIONSHIP

  TO DEFENDANT: _____      TO DEFENDANT: _____

ADDRESS: _____    ADDRESS: _____

_____ ZIP _____    _____ ZIP _____

TELEPHONE: _____    TELEPHONE: _____

### APPROVAL BY COURT

Date: 12/27/00    _____

UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services



**RANGER INSURANCE**
P.O. BOX 2807
HOUSTON, TEXAS 77252-2807

## FEDERAL
## POWER OF ATTORNEY

**POWER NO** *\*RF200-11331527\*\*

**POWER AMOUNT $\*\*200,000\*\***

KNOW ALL MEN BY THESE PRESENTS that The Ranger Insurance Company, a corporation duly organized and existing under the laws of the State of Delaware and by the authority of the resolution adopted by the Board of Directors at a meeting called and held on December 19, 1995, which said Resolution has not been amended or rescinded, does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only   Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance

This power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

**The obligation of the company shall not exceed the sum of $$$TWO HUNDRED THOUSAND DOLLARS$$$**

and provided this Power-of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, THE RANGER INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer,

proper for the purpose and its corporate seal to be hereunto affixed this _22_ DAY of _DEC_ MONTH _2000_ YEAR

Bond Amount $ _20,000_

Defendant _CLIFFORD GRANSTON_

Charges _____

Court _U.S-DIST._

Case No. _00-6230-CR-AmiTrout_

City _MIAMI_ State _FL_

If rewrite, original No. _____

Executing Agent _Bar Hoh_
NAME

By _John D.C. Harrelson signature_
John D.C. Harrelson
Vice President

**VOID IF NOT ISSUED BY 03/01/2001**

**FOR FEDERAL USE ONLY**
**NOT VALID IF USED IN STATE COURT**

RANGER INSURANCE COMPANY
SEAL
1923
DELAWARE

COPY FOR COURT

S-0035 REV (5/99)