**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

UNITED STATES OF AMERICA      CASE NO: 00-6230-CR-DIMITROULEAS
                              MAGISTRATE JUDGE SNOW
    Plaintiff,

vs.

CLIFFORD GRANSTON,

    Defendant.
_____/

## DEFENDANT'S POSITION OF PARTIES WITH
## RESPECT TO SENTENCING FACTORS

The defendant CLIFFORD GRANSTON through undersigned counsel hereby files *Defendant's Position of Parties with Respect to Sentencing Factors* and as grounds therefore would state as follows:

### A.  Defendant's Base Offense Level (paragraphs 34-43)

The PSI indicates that the Base Offense Level is 30 due to the offense involving at least 1,700 pounds, or 771 kilograms of marijuana. The PSI argues that because the marijuana was more than 700 kilograms but less than 1,000 kilograms, under USSG §2D.1.1(c)(5), the base level offense is 30. The defendant respectfully objects to this Offense Level Computation.

The United States and the defendant both agreed to, and had included in the plea

agreement, that he possessed with the intent to distribute one thousand and twenty (1,020) pounds (463 kgs) of a substance and mixture containing marijuana. This is the amount of marijuana with which the defendant was involved and loaded into the van just prior to his arrest. He is not alleged to have been involved with the 1,700 pound conspiracy, but only loading 1,020 pounds into the van on the last day of the conspiracy. Both parties agreed to recommend to the court that the defendant possessed 1,020 pounds (463 kgs) of marijuana (paragraph 2 and 96 of the PSI).

Under USSG §2D1(c)(6) the base offense level would be 28 for an offense involving "At least 400 KG but less than 700 KG of marijuana". Under the circumstances in this case, the defendant's base offense level should be 28. Both parties so recommend to the Court.

### B. Minimal or Minor Role (paragraphs 18-19, 29, 37)

The PSI Offense Level Computation makes no adjustment for the defendant's role in the offense (paragraph 37). The defendant disagrees with this computation and argues that he is entitled to a two to four level decrease due to his minimal or minor participation in the criminal activity under §3B1.2(a). The government does not agree with this requested change.

The defendant argues he should be considered to be a minimal participant. As the Application Notes 1 & 2 under §3B1.2 state "the defendant's lack of knowledge

2

or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." "It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment..."

The criminal activity began on or around May 31, 2000 (paragraph 6-7) and continued through August 9, 2000 (paragraphs 8-17). There is no statement in the PSI that the defendant was involved in any of the planning or preparatory activities in regard to the criminal activity. The defendant was not alleged to be involved in any day-to-day activities in regard to the criminal activity. The defendant was not alleged to be aware of or involved in the plans for distribution of the marijuana, nor was he to receive any of the proceeds of the criminal activity. Defendant only allegedly became involved in the criminal activity on the last day of a several month operation. The defendant's only actions include renting a van and loading part of a shipment. *See* U.S. v. Ortiz-Santiago, 211 F.3d 146 (1st Cir. 2000) (holding that [a]s the phrase implies, a minimal participant is one who "plays a minimal role in concerted activity." USSG § 3B1.2, comment. (n.1)) *See also* U.S. v. Rojas-Millan, 234 F.3d 464, 2000 (9th Cir. 2000) (holding that §3B1.2 is to be read as instructing courts to look beyond the individuals brought before it to the overall criminal scheme when determining whether a particular defendant is a minor participant in the criminal scheme). Under

3

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

the circumstances in this case, the defendant's role can appropriately be assigned to be minor or minimal and therefore a two to four level adjustment downward should be given.

### FACTORS THAT MAY WARRANT A DEPARTURE

The government has indicated it may file a motion for downward departure based on defendant's substantial assistance pursuant to §5K1.1. This issue will be addressed at the time of sentencing.

WHEREFORE the defendant respectfully requests this Court consider the above-referenced objections and positions of the defendant when fashioning the defendant's sentence in this case.

Respectfully submitted,

***THORNTON & ROTHMAN, P.A.***
200 S. Biscayne Blvd.
Suite 2690
Miami, FL 33131
(305) 358-9000

By: *[signature]*
JOHN W. THORNTON, JR.
Fl. Bar #241148

4

### *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered to AUSA Bertha R. Mitrani, United States Attorney's Office, 500 East Broward Boulevard, Fort Lauderdale, Florida 33394 and U.S. Probation Officer Donald Jefferson, Room 315 U.S. Courthouse, 300 N.E. First Ave, Miami, FL 33132 this the ___11th___ day of January, 2001

JOHN W. THORNTON, JR.

5