THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

UNITED STATES OF AMERICA     CASE NUMBER:    00-6230-CR-DIMITROULEAS
MAGISTRATE JUDGE SNOW

    Plaintiff,

vs.

CLIFFORD GRANSTON,

    Defendant.
_____/

### DEFENDANT'S RESPONSE TO PROBATION OFFICER'S ADDENDUM TO THE PRESENTENCE REPORT

The Defendant, CLIFFORD GRANSTON, through undersigned counsel, hereby files his Response to the probation officer's addendum to the PSI as follows:

**A.  BASE OFFENSE LEVEL**

The Defendant's conduct in this case involved the rental of a van and the loading of 1020 pounds of marijuana into that van -- both within minutes of each other and on the last day of a several month conspiracy.

The probation officer believes that the Defendant was interrupted during the course of loading 1700 pounds of marijuana. This belief is mistaken. There was a <u>total</u> of 1020 pounds of marijuana loaded into the van. There was never the ability nor the intent to load 1700 pounds into the van. The loading of 1020 pounds was completed and the van door closed and locked before the Defendant was arrested. Further, the loading of the van in its entirety is on videotape and shows no interruption in the completed loading of the van. Only 1020 pounds was available and supposed to be loaded into the van. These facts are the reason the government and the Defendant agreed in the plea that the Defendant was responsible for 1020 pounds (463 kgs.) of marijuana. The Defendant

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

NON-COMPLIANCE OF S.D. fla. L.R.

should therefore be assigned level 28 for his offense conduct.

### B. MINIMAL OR MINOR ROLE

The probation officer's response indicates that the Defendant should not be given a minimal or minor role reduction because "he did more than just load marijuana, he was responsible for renting the van that was to be used to transport the marijuana."

First, the government was aware prior to the plea that the only reason Granston rented the van was because lead defendant Wilson had instructed "Duck" to do so, but "Duck" did not have an appropriate credit card and I.D. with him. The Defendant's role was supposed to be strictly loading the van. Under this scenario, where the Defendant was not even supposed to rent the van, the Defendant should be assigned a minimal or minor role. However, based on pure happenstance, "Duck" could not rent the van and the Defendant, who did have true and proper I.D. and a credit card, rented the van.

Second, the Defendant had been led to believe that he would be loading approximately 700 pounds of marijuana. This is because, unknown to the Defendant, there had been an agreement between the undercover government agent and the lead Defendant Wilson that there was a 60/40 split and 60% of the originally scheduled 1200 pounds (or 720 pounds/327 kgs) were supposed to be loaded into the van. This fact would allow for a beginning offense level of 26 because 327 kgs is in the range of 100 to 400 kgs of marijuana. However, it turns out that the Defendant did actually help load 1020 pounds of marijuana even though he thought he would be helping load approximately 700 pounds of marijuana.

Third, it should be noted that <u>Granston was the only Defendant not charged in Counts I and II of the Indictment</u>. He was not alleged to be part of the planning of the importation of the

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

marijuana. He was not alleged to have helped unload the marijuana from the plane. He was not involved in any part of the first two counts of the indictment. In fact, he was involved with only the possession Count to which he pled guilty on the final day of a several month possession conspiracy.

A combination of the above three factors should allow for a reduction for role in the instant offense. "[The] principal office [of § 3B1.2] is to give the district judge a means to mitigate unduly harsh punishment that mechanical application of the relevant-conduct rules might yield." *United States v. Burnett*, 66 F.3d 137, 141 (7th Cir. 1995).

The Eleventh Circuit has made clear that, in determining whether a defendant qualifies for an adjustment for mitigating role, the district court must (1) measure the defendant's role against the conduct for which he is being held accountable under § 1B1.3, and then (2) measure the defendant's conduct against that of the other participants. *United States v. Rodriquez De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) *(en banc)*. In so ruling, the Eleventh Circuit recognized the fact-intensive nature of this inquiry and the extensive discretion of the trial court in determining the defendant's role in the offense. *Id.*

If the entire 1700 pounds involved in the smuggling scheme, an amount that not only exceeds the amount of marijuana Granston believed he was going to load (700 pounds), but also exceeds the actual amount he subsequently found out that he loaded (1020 pounds), is used to calculate Granston's offense level, then he should be entitled to a four-level downward adjustment as a minimal participant. If this Court compares Granston's conduct against that of the other participants in the scheme to import, possess and distribute the entire 1700 pounds of marijuana, it is clear that Granston is "plainly among the least culpable of those involved . . ." U.S.S.G. § 3B2.1, comment.

3

cr-06230-WPD    Document 147    Entered on FLSD Docket 03/01/2001

(n.1). See *United States v. Sanderson*, 110 F. Supp.2d 1221 (N.D. Cal. 2000) (granting four level adjustment for minimal role based on low level of culpability of defendant relative to his co-defendants, where defendant assisted point man in scheme to export cocaine out of the United States by receiving money from couriers and then strapping cocaine to the bodies of the couriers).

If the offense level is based on the actual amount that Granston loaded into the van (1020 pounds), we submit that, because Granston was "less culpable than most other participants," U.S.S.G. § 3B2.1, comment. (n.3), he should receive, at least, a two level downward adjustment for minor role. Although Granston's last minute action in renting the van helped facilitate the offense, he was far less culpable than most of the others involved. He was a late-comer to the concerted activities. The agreement and plans to carry it out preceded his entry. And, it was by mere happenstance that he rented the van used in the offense. See *United States v. Smith*, 125 F. Supp. 486, 488, 490 (S.D. Fla. 2000) (finding that defendant, a "late-comer" to the attempted conspiracy who took over negotiations of cocaine transaction, delivered the cocaine and facilitated the exchange of monies, was entitled to two-level reduction for minor role, because the agreement preceded his entry); *United States v. Bruder*, 103 F. Supp. 155, 179-80 (E.D.N.Y. 2000) (although defendant's behavior facilitated the crimes against the victim, the defendant was entitled to two-level reduction as a minor participant because his role was "minor" in comparison to role of the principal participant as there was no evidence that the defendant acted with the same degree of foresight and planning as the principal participant in the offense).

## C.    DOWNWARD DEPARTURE

If this Court determines that Mr. Granston is not entitled to any or only a two-level downward adjustment based on his role in the offense, then we respectfully request that this Court

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

consider that a downward departure may be justified under "unusual circumstances." Under the Sentencing Guidelines, a departure may be available "even though the reason for departure is taken into consideration in determining the guideline range . . . if the court determines that, in light of unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." U.S.S.G. § 5K2.0; *Koon v. United States*, 518 U.S. 81, 95-96, 116 S. Ct. 2035, 2045 (1996). Sentencing courts have specifically recognized that "[a] downward departure may sometimes be warranted in addition to or instead of a mitigating role adjustment . . . where 'an offense level has been extraordinarily magnified by a circumstance that bears little relation to the defendant's role in the offense.'" *Bruder*, supra, 103 F. Supp. at 180 (citing *United States v. Restrepo*, 936 F.2d 661, 666-68 (2d Cir. 1991) (upholding four-point departure and four-point minimal role adjustment where circumstance magnifying offense level had "little relation" to defendants' conduct)); see also *United States v. Alba*, 933 F.2d 1117, 1121-22 (2d Cir. 1991); *United States v. Speenburgh*, 990 F.2d 72, 75-76 (2d Cir. 1993) (defendant's lesser role in the offense may justify departure even where § 3B1.2 adjustment technically unavailable); *United States v. Stuart*, 22 F.3d 76, 83-84 (3d Cir. 1994) (court may depart where offense level overstates culpability due to external circumstances, even where § 3B1.2 adjustment is unavailable).

In the instant case, Granston's total offense level as recommended in the PSI, does not adequately reflect his true culpability for the offense. Granston's base offense level of 28 has been increased two levels due to a circumstance (the last minute inclusion of an additional 500 pounds to the total amount of marijuana originally intended to be smuggled by the co-defendants) that was beyond his control and unknown to him at the time of his conduct in this case (the loading of the van). Granston had thought he was helping load approximately 700 pounds of marijuana, an amount

5

that would have allowed for a base offense level of 26.

In addition, if it is determined that the fact that Granston rented the van renders him ineligible for a minimal or minor role adjustment, the circumstances surrounding the rental of the van should be considered because that fact, in and of itself, bears little relation to Granston's true intended role in the offense, to merely assist in the loading of a part of a single marijuana shipment.

Wherefore, the Defendant respectfully requests this Court take into consideration this Response and adjust accordingly the Presentence Report.

Respectfully submitted,

***THORNTON & ROTHMAN, P.A.***
200 South Biscayne Boulevard
Suite 2690
Miami, Florida 33131
(305) 358-9000

By: *[signature]*
JOHN W. THORNTON, JR.
Florida Bar No.: 241148

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded to A.U.S.A. Bertha Mitrani, United States Attorney's Office, 500 East Broward Blvd., Suite 700, Ft. Lauderdale, FL 33301 and United States Probation Officer, Room 315 U.S. Courthouse, 300 N.E. First Ave, Miami, FL 33132 this 26th day of February, 2001.

*[signature]*
JOHN W. THORNTON, JR.

6